BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

ERIC WOMACK
Assistant Director, Federal Programs Branch

JASON LEE (CA Bar No. 298140)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW
Washington, DC 20001
Telephone:    (202) 514-3367
Facsimile:     (202) 616-8470
Email:          Jason.Lee3@usdoj.gov

*Counsel for Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| ANIMAL LEGAL DEFENSE FUND, a nonprofit corporation,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE and the Honorable TOM VILSACK, its Secretary, and FOOD SAFETY AND INSPECTION SERVICE and the Honorable ALFRED V. ALMANZA, its Administrator,<br><br>Defendants. | No. 3:15-cv-5063-EMC<br><br>**SECOND STIPULATION EXTENDING TIME FOR DEFENDANTS TO ANSWER PLAINTIFF'S COMPLAINT**<br><br>[Civil Local Rule 6-1(a)] |

COME NOW THE PARTIES, by and through their undersigned counsel, to hereby stipulate and agree as follows:

1. On September 8, 2011, Plaintiff Animal Legal Defense Fund "submitted a . . . rulemaking petition to [the Food Safety and Inspection Service ("FSIS")] seeking the imposition of mandatory labeling on force-fed foie gras products." Compl. ¶ 6.

2. As of November 5, 2015, FSIS "ha[d] yet to respond to Plaintiff's Petition or to commence any action that would terminate further review of ALDF's request." *Id*. ¶ 7. Thus, on that date, Plaintiff filed its Complaint asserting one cause of action under the Administrative Procedure Act. ECF No. 1. Specifically, Plaintiff charged that "FSIS's unreasonable delay of over four years in responding to a straightforward rulemaking request violates the Administrative Procedure Act." Compl. ¶ 7.

3. On December 3, 2015, pursuant to Civil Local Rule 6-1(a), the parties stipulated and agreed to extend the deadline by which Defendants' response to Plaintiff's Complaint would be due. ECF No. 14. Specifically, the parties stipulated and agreed that Defendants' Answer or other responsive pleading would be filed and served no later than February 8, 2016. *Id.*

4. On February 3, 2016, FSIS sent Plaintiff a letter via overnight and electronic mail that responded to and denied Plaintiff's petition.[1]

5. In light of this development, the parties hereby stipulate and agree, pursuant to Civil Local Rule 6-1(a), that Defendants' time to answer Plaintiff's Complaint shall be extended a second time from February 8, 2016, to February 16, 2016,[2] in order to provide the parties with additional time in which to determine how best to proceed in the case. Accordingly, Defendants' Answer or other responsive pleading under Rule 12 of the Federal Rules of Civil Procedure shall

---

[1] The parties ask the Court to take judicial notice of FSIS's letter to Plaintiff, attached as Exhibit 1, as "a record of an administrative agency." *In re Toyota Motor Corp. Hybrid Brake Mktg., Sales, Practices & Products Liab. Litig*., 890 F. Supp. 2d 1210, 1216 (C.D. Cal. 2011).

[2] Presidents' Day occurs on Monday, February 15, 2016.

Second Stipulation Extending Time for Defendants to Answer Plaintiff's Complaint
Case No. 3:15-cv-5063-EMC

now be filed and served no later than February 16, 2016.  Entry into this stipulation alters neither any hearing date nor other deadline fixed by Court order.

**IT IS SO AGREED AND STIPULATED.**

DATED: February 4, 2016              Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

ERIC WOMACK
Assistant Director, Federal Programs Branch

/s/ *Jason Lee*_
JASON LEE (CA Bar No. 298140)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue NW
Washington, DC 20001
(202) 514-3367
(202) 616-8470 (fax)
Jason.Lee3@usdoj.gov

*Counsel for Defendants*


/s/ *Kelsey Eberly*_
KELSEY EBERLY (CA Bar No. 301025)
Animal Legal Defense Fund
170 East Cotati Avenue
Cotati, CA 94931
(707) 795-2533
(707) 795-7280 (fax)
keberly@aldf.org

*Counsel for Plaintiff*

Second Stipulation Extending Time for Defendants to Answer Plaintiff's Complaint
Case No. 3:15-cv-5063-EMC

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

*Animal Legal Def. Fund v. U.S. Dep't of Agric.*, No. 15-cv-5063-EMC

I, Jason Lee, hereby attest that I have obtained the concurrence in the filing of this Second Stipulation Extending Time for Defendants to Answer Plaintiff's Complaint from Kelsey Eberly, counsel for Plaintiff in this matter.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 4, 2016.

/s/ *Jason Lee*
JASON LEE (CA Bar No. 298140)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue NW
Washington, DC 20001
(202) 514-3367
(202) 616-8470 (fax)
Jason.Lee3@usdoj.gov

Counsel for Defendants

# EXHIBIT 1

Case 3:15-cv-05063-EMC   Document 19   Filed 02/04/16   Page 5 of 9



**United States Department of Agriculture**

Food Safety and
Inspection Service

1400 Independence
Avenue, SW.
Washington, D.C.
20250

February 3, 2016

Carter Dillard, Esq.
Animal Legal Defense Fund
107 East Cotati Avenue
Cotati, California 94931

Dear Mr. Dillard:

This letter is in response to the petition you submitted in September 2011 on behalf of the Animal Legal Defense Fund (ALDF) requesting that the Food Safety and Inspection Service (FSIS) withhold the official mark of inspection from foie gras products unless the products are labeled as derived from diseased birds. The petition argues that because consumers expect that FSIS will only permit products from disease-free animals to bear the official mark of inspection, allowing foie gras products to bear the official inspection legend without disclosing that the products are derived from diseased birds misleads consumers, contravening the Poultry Products Inspection Act (PPIA) (21 U.S.C. 452 et seq.). The petition asks USDA to take regulatory action to withhold use of the official mark of inspection on foie gras products unless such products are accompanied by the following label: "NOTICE: Foie gras products are derived from diseased birds" in type determined by FSIS to be of uniform size and prominence.

We have completed our review of your petition and have concluded that it should be denied. First, we cannot concur in the premise underlying the petition, which is that foie gras products derive from diseased birds. As you are aware, FSIS previously denied a petition from you, dated November 2007, which was based on the same underlying premise, and your 2011 petition provides no reason to reach a different conclusion here. Second, the action you are requesting in the 2011 petition is not authorized under the PPIA, as the PPIA and implementing regulations require that diseased poultry carcasses and parts be condemned. Therefore, the plain language of the PPIA makes it impossible to grant your request.

To our first point, we disagree with your assertion that foie gras is a diseased product derived from diseased birds. As you are aware, on August 27, 2009, we denied a petition submitted by ALDF and other animal welfare advocacy organizations in 2007 requesting that FSIS prohibit for use as human food foie gras made from the livers of force-fed poultry. Similar to your 2011 petition, the 2007 petition argued that the animal raising practices associated with the production of foie gras induce disease in the birds. Specifically, both petitions assert that force-feeding birds for the production of foie gras results in a fatty liver condition, referred to as hepatic lipidosis or steatosis, which, according to

Mr. Carter Dillard

2

the petitions, alters the ability of the liver to function normally resulting in impaired animal health. To support this assertion, both petitions reference a European Commission report[1] and include statements from licensed veterinarians. We denied the 2007 petition, in part because we disagreed with your characterization of the foie gras liver as "diseased." In our denial, we acknowledged that the appearance of livers of force-fed ducks and geese would be characterized as affected with hepatic lipidosis. However, we determined that the condition of the foie gras liver is due to the altered physiologic state of the bird rather than the result of a disease process.

In addition to arguing that force-fed foie gras is derived from diseased birds, both the 2007 petition and the 2011 petition assert that foie gras products may also induce disease in humans. To support this assertion, both petitions reference an article published in the Proceedings of the National Academy of Sciences that, according to the petitions, suggest that the consumption of foie gras may trigger the onset of Secondary Amyloidosis in certain people.[2] In our response to the 2007 petition, we noted that the study did not include data to establish a link between the presence of amyloid in foie gras and the development of human disease. We also concluded that more study is required to establish any link between the two conditions or the potential effect of consuming amyloid on human health.

Because the 2011 petition raises substantially the same arguments and rests on largely the same sources as the 2007 petition, the 2011 petition does not include any new information that would lead us to change our position on either of the issues raised in the 2007 petition.[3]

Second, even if we were to accept your argument that foie gras is a product of a diseased bird, the labeling statement requested in your 2011 petition would not be the appropriate course of action because, as discussed below, the PPIA and implementing regulations require that diseased and other adulterated poultry carcasses and parts be condemned and disposed of as inedible.

---

[1] Welfare Aspects of the Production of Foie Gras in Ducks and Geese. Report of the European Union Scientific Committee on Animal Health and Welfare (adopted December 16, 1998).

[2] Alan Solomon, MD, et al., *Amyloidogenic Potential of Foie Gras*, 104 PROC. NAT'L ACAD. SCI. 10998 (2007)

[3] As you are aware, on May 9, 2012, ALDF and other individual plaintiffs filled a lawsuit in the United States District Court for the Central District of California challenging FSIS's 2009 decision to deny the 2007 petition. On March 22, 2013, the district court granted USDA's motion for judgment on the pleadings and dismissed the case. ALDF appealed the decision, and on December 7, 2015, the Ninth Circuit Court of Appeals reversed the district court's order and remanded the case. Thus, the issues raised in your 2007 petition, which are also the basis for your 2011 petition, are still the subject of litigation. In light of that ongoing litigation, FSIS had, until this point, refrained from issuing a formal response to your 2011 petition, as that case concerns the same premises that are the basis for the current petition.

Poultry carcasses and parts from diseased birds are adulterated under the PPIA because they are "unsound, unhealthful, unwholesome, or otherwise unfit for human food" (21 U.S.C. 453(g)(3)). Under the PPIA, all poultry carcasses and parts thereof and other poultry products that are found to be adulterated must be condemned and destroyed for human food purposes, except that carcasses or parts that may be made unadulterated by reprocessing need not be condemned if they are reprocessed under the supervision of an inspector and thereafter found to be not adulterated (21 U.S.C. 455 (c)). The PPIA's implementing regulations require the condemnation of poultry carcasses or parts exhibiting signs of certain diseases and conditions (9 CFR 381.81-381.94). As noted in your 2011 petition, these conditions include septicemic or toxemic disease or evidence of an abnormal physiologic state (9 CFR 381.83); evidence of disease characterized by the presence of toxins dangerous to the consumer (9 CFR 381.85); and inflammatory processes or evidence of general systemic disturbance (9 CFR 381.86). The 2011 petition asserts that all of these conditions are common in ducks and geese force-fed to produce foie gras.

Many of the conditions that you state are common in force-fed poultry, such as septicemia/toxemia, disease characterized by presence of toxins, and generalized inflammatory process, require condemnation of the entire carcass. A carcass is defined as "all parts, including viscera, of any slaughtered poultry" (9 CFR 381.1). Thus, if a carcass from force-fed poultry were required to be condemned for exhibiting signs of these conditions, the viscera, including the liver, would also be condemned. Condemned poultry carcasses and parts are prohibited for human food and must be disposed of as inedible by one of the prescribed methods in 9 CFR 381.95.

In addition, as stated in your 2011 petition, unwholesome parts of carcasses may be removed and condemned, and the remaining wholesome parts of the carcass passed for human food if found to be not adulterated by an FSIS inspector (9 CFR 381.72). Thus, even if force-fed poultry carcasses did not exhibit signs of a disease that would require condemnation of the entire carcass, if force-feeding were to induce liver disease as you contend, the livers of force-fed poultry would be unwholesome diseased carcass parts that must be condemned. In fact, based on this reasoning, your 2011 petition continues to assert that "no authority permits the passing of foie gras" for human food. If, as you assert, there is no authority to permit foie gras for use as human food, there would be no additional authority to permit its use for human food so long as it is labeled as "derived from diseased birds."

As discussed above, we continue to disagree that foie gras from force-fed ducks and geese is a diseased product derived from diseased birds. In addition, even if we did agree, we could not take the action you are requesting in your 2011 petition. If foie gras were a diseased product derived from diseased birds, we would be required to grant the 2007 petition and prohibit its use for human food. The legal action challenging our denial of your 2007 petition on that issue is ongoing.

Mr. Carter Dillard

4

Therefore, for the reasons discussed above, we are denying your petition. In accordance with our petition regulations, we have posted your petition on the FSIS website (9 CFR 392.6).  We intend to post this response as well.

Sincerely,

Daniel Engeljohn, Ph.D.
Assistant Administrator
Office of Policy and Program Development